■ EDWARD T. JONES, Respondent, v. LEO SCHUMER et al., Appellants.— In an action to recover damages for personal injury, based on alleged malpractice, in which the court previously made two conditional preclusion orders, dated respectively October 13, 1961 and September 10, 1963, and in which the plaintiff, in attempted compliance with such orders, has served a first and second supplemental bill of particulars, the defendants appeal as follows from an order of the Supreme Court, Kings County, dated September 30, 1963: (1) Defendant Schumer appeals from so much of the order as denied his motion: (a) to preclude plaintiff from giving evidence at the trial as to items 6 and 7 of the demand on the ground that plaintiff's second supplemenetal bill failed to comply with said prior court orders; (b) to vacate another prior order of said court, dated June 12, 1963, which granted plaintiff a preference in trial; and (c) for a further stay of such trial. (2) Defendant Josephson appeals from so much of the said order of September 30, 1963, as denied defendant Schumer's motion: (a) to vacate the preference order; and (b) for a further stay of the trial, the defendant Josephson having joined in such branch of the defendant Schumer's motion. Order modified: (a) by amending its decretal paragraph insofar as preclusion is denied with respect to items 6 and 7, so as to limit such denial solely to item 7 of plaintiff's second supplemental bill — being also item 7 of the defendant Schumer's demand; and (b) by adding a decretal paragraph providing: (1) that defendant Schumer's motion to preclude plaintiff from giving evidence with respect to item 6 of his said second supplemental bill — being also item 6 of defendant Schumer's demand — is granted as to that aspect of the case dealing with defendant Schumer's negligence being the cause of the "herniated nucleus pulposus," unless the plaintiff in his further (or third) supplemental bill of particulars shall state whether or not such "herniated nucleus pulposus" was caused by said defendant; and (2) that in all other respects such motion, insofar as addressed to such item 6, is denied. As so modified, the order, insofar as appealed from, is affirmed, without costs. The further supplemental (or third) bill of particulars with respect to item 6 shall be served upon defendant Schumer within 20 days after entry of the order hereon or within such time as the parties may mutually stipulate in writing. In his second supplemental bill of particulars plaintiff has not complied with the condition contained in the order of September 10, 1963 which, with respect to item 6, required him to indicate whether the claimed herniated nucleus

pulposus was caused by the negligence and malpractice of the defendant Schumer. Appeals, insofar as they relate to the denial of the motion for the vacatur of the preference order and for a further stay, dismissed, without costs, as academic, in view of this court's disposition in a related appeal (*Jones* v. *Schumer*, 20 A D 2d 650). [For a second related appeal, see *Jones* v. *Schumer*, 20 A D 2d 650.] Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., concurs, except that he dissents with respect to the disposition as to item 6 and votes to affirm the order as to such item on the ground that the plaintiff's response to such item was sufficient.